# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: October 19, 2017

| | |
|---|---|
| * * * * * * * * * * * * | UNPUBLISHED |
| MICHAEL ROBINSON and | |
| LISA ROBINSON, *Parents of* | |
| D.R., *a Minor*, | No. 14-915V |
| Petitioners, | Chief Special Master Dorsey |
| v. | |
| SECRETARY OF HEALTH | MMR; Varicella; Seizure Disorder. |
| AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * | |

Ronald C. Homer, Conway Homer, P.C., Boston, MA, for petitioners.
Ryan Pyles, U.S. Department of Justice, Washington, D.C., for respondent.

**DECISION**[1]

On September 29, 2014, Michael and Lisa Robinson ("petitioners") filed a petition on behalf of their son, D.R., in the National Vaccine Injury Compensation Program[2] alleging that the MMR and varicella vaccinations he received on March 2, 2012, caused him to develop a seizure disorder. Petition at 1.

On October 19, 2017, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. Respondent denies that the vaccinations D.R. received

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

either caused or significantly aggravated D.R.'s alleged injury or any other injury, and denies that his current disabilities are the result of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $89,000.00 in the form of a check payable to petitioners, Michael and Lisa Robinson, as guardians/conservators of the estate of D.R.; and**

**A lump sum of $11,000.00 for past unreimbursable expenses in the form of a check payable to petitioners, Michael and Lisa Robinson.**

This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a). Stipulation dated August 9, 2016 (ECF No. 31) at ¶ 8.

The undersigned approves the requested amount for petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHEAL ROBINSON and LISA ROBINSON, parents of D.R., a minor, Petitioners, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | No. 14-915V<br>Chief Special Master Nora Beth Dorsey<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their minor child, D.R., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to D.R.'s receipt of a measles-mumps-rubella (MMR) vaccine and a varicella vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. D.R. received the MMR and varicella vaccines on or about March 2, 2012.

3. The vaccines were administered within the United States.

4. Petitioners alleges that the MMR and varicella vaccines, either singly or in combination, caused D.R. to develop a seizure disorder, and that he experienced the residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of D.R. as a result of his alleged condition.

1

6. Respondent denies that the MMR and varicella vaccines, either singly or in combination, caused D.R.'s alleged seizure disorder and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   (a) A lump sum of **$89,000.00** in the form of a check payable to petitioners, as guardians/conservators of the estate of D.R.; and

   (b) A lump sum payment of **$11,000.00** for past unreimbursable expenses in the form of a check payable to petitioners. This amount and the amount described in paragraph 8(a) above together represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as the guardians/conservators of D.R.'s estate under the laws of the State of Mississippi. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of D.R.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of D.R. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of D.R. upon submission of written documentation of such appointment to the Secretary.

13. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of D.R. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of D.R., on behalf of themselves, D.R., and D.R.'s heirs, executors, administrators, successors and/or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments,

claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of D.R. resulting from, or alleged to have resulted from, the MMR and varicella vaccines, either singly or in combination, administered on or about March 2, 2012, as alleged by petitioners in a petition for vaccine compensation filed on or about September 29, 2014, in the United States Court of Federal Claims as petition No. 14-915V.

15. If D.R. should die prior to entry of the judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the MMR and varicella vaccines, either singly or in combination, caused and/or significantly aggravated D.R.'s alleged seizure disorder and/or any other injury.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns, as legal representative(s) of D.R.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONERS:**

*[signature]*
MICHAEL ROBINSON, on behalf of D.R.

*[signature]*
LISA ROBINSON, on behalf of D.R.

**ATTORNEY OF RECORD FOR PETITIONERS:**

*Ronald C. Homer by Meredith Daniels*
RONALD C. HOMER (Rule 83.1(c)(2))
CONWAY HOMER, P.C.
16 Shawmut St.
Boston, MA 02116
(617) 695-1990

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature]*
NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*
RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-9847

Dated: October 19, 2017