# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  July 17, 2018

```
*  *  *  *  *  *  *  *  *  *  *  *
MICHAEL ROBINSON and LISA          *        UNPUBLISHED
ROBINSON, Parents of D.R., a Minor,*
                                   *        Case 14-915V
            Petitioners,           *
      v.                           *        Chief Special Master Dorsey
                                   *
                                   *        Reasonable Attorneys' Fees and Costs;
SECRETARY OF HEALTH                *        Excessive Time; Expert Fees; Guardianship
AND HUMAN SERVICES,                *        Proceedings.
                                   *
            Respondent.            *
*  *  *  *  *  *  *  *  *  *  *  *
```

Ronald C. Homer, Conway Homer, P.C., Boston, MA, for petitioners.
Ryan Pyles, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 29, 2014, Michael and Lisa Robinson ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program") on behalf of their son, D.R.  The petition alleged that D.R. developed a seizure disorder after receiving MMR and varicella vaccinations on March 2, 2012.  Petition at 1.  On October 19, 2017, the parties filed a stipulation stating that a decision should be entered awarding compensation, and the undersigned issued a decision based on that stipulation.  See Decision Based on Stipulation dated October 19, 2017 (ECF No. 57).

On May 7, 2018, petitioners filed a motion for attorneys' fees and costs, requesting compensation for the attorneys and law clerks who worked on their case.  Petitioners' Application ("Pet. App.") dated May 7, 2018 (ECF No. 63).  Specifically, petitioners requested

---

[1] This decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012).  **This means the Decision will be available to anyone with access to the internet.**  As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information.  Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  Otherwise, the whole decision will be available to the public in its current form.  Id.

$34,602.40 in attorneys' fees to compensate their attorney of record, Mr. Ronald C. Homer, and other attorneys and law clerks at Mr. Homer's firm.  Pet. App. at 1.  Petitioners also requested $26,056.43 in attorneys' costs and $352.45 in petitioners' costs.  Pet. App. at 2.  Respondent filed his response on May 10, 2018, indicating that he did not oppose petitioners' motion because he believed the statutory requirement for attorneys' fees had been met in the instant case.

This matter is now ripe for adjudication.  For the reasons discussed below, the undersigned GRANTS petitioners' motion in part and awards $59,281.16 in attorneys' fees and costs.

## I.    Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees  and costs "if the special master or court determines that the petition was brought in good faith  and there was a reasonable basis for the claim for which the petition was brought."  Id. at §15(e)(1).  Because compensation was awarded to petitioners, the undersigned finds that petitioners are entitled to reasonable attorneys' fees and costs.

### a.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioners' fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729

(Fed. Cl. 2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  <u>Wasson v. Sec'y of Health & Human Servs.</u>, 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) <u>rev'd</u> on other grounds and <u>aff'd</u> in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  <u>Saxton</u>, 3 F.3d at 1521.

### i.  Reasonable Hourly Rates

Petitioners request the following hourly rates for the attorneys, law clerks, and paralegals who worked on this matter:

Ronald C. Homer:
> 2014 – $400
> 2015 – $400
> 2016 – $400
> 2017 – $409

Sylvia Chin-Caplan:
> 2015 – $400

Christina M. Ciampolillo:
> 2014 – $300
> 2015 – $300
> 2016 – $300
> 2017 – $307

Meredith Daniels:
> 2015 – $280
> 2016 – $280
> 2017 – $286
> 2018 – $294

Joseph M. Pepper:
> 2013 – $209-$213
> 2014 – $213-$290
> 2015 – $290
> 2016 – $290
> 2017 – $297
> 2018 – $305

Law Clerk(s):
> 2014 – $143-$145
> 2015 – $145
> 2016 – $145

2017 – $148

Paralegal(s):
      2012 – $110
      2013 – $110-$112
      2014 – $112-$135
      2015 – $135
      2016 – $135
      2017 – $138
      2017 – $142

Because the attorneys practice in Boston, Massachusetts, forum rates apply.  The undersigned finds that the requested rates are reasonable and in accordance with the rates set forth for the firm in McCulloch v. Sec'y of Health & Human Servs., No. 09-293, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  Moreover, the undersigned has awarded similar rates to Mr. Homer and his associates in the past.  See, e.g., Chandler v. Sec'y of Health & Human Servs., No. 16-0322, 2018 U.S. Claims LEXIS 694 (Fed. Cl. Spec. Mstr. April 4, 2018); Gomes v. Sec'y of Health & Human Servs., 2017 U.S. Claims LEXIS 2235 (Fed. Cl. Spec. Mstr. Dec. 7, 2017); Kranz v. Sec'y of Health & Human Servs., No. 15-0197, 2017 U.S. Claims LEXIS 984 (Fed. Cl. Spec. Mstr. Feb. 15, 2017).  The undersigned will therefore award the rates requested here.

## ii.  Reduction of Billable Hours

While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by petitioners' counsel is appropriate.

The undersigned and her fellow special masters have previously emphasized the inefficiency that results when multiple attorneys work on one case.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 214-15 (2009) (affirming a special master's reduction of fees for overstaffing where three attorneys from two different firms worked on the same case).  Mr. Homer's firm has been specifically cited for this issue in the past.  See Cozart v. Sec'y of Health & Human Servs., No. 00-590, 2016 Claims LEXIS 1455 at *8-9 (Fed. Cl. Spec. Mstr. Sept. 7, 2016); Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013).  Five attorneys, at least one law clerk, and at least one paralegal have billed time in petitioners' case.  Pet. App. at 28-29.  As a result, the firm's billing records are replete with entries for communication between these individuals, labeled with descriptions such as "review memo from [Joseph Pepper] re case posture" or "draft memo to [Sylvia Chin-Caplan] re thoughts."  Pet. App. at 11, 21.  Such extensive interoffice communication is duplicative and unnecessary.

Rather than striking individual entries from the time sheet, the undersigned will decrease the requested attorneys' fees by 5%.[2]  Petitioners are thus entitled to attorneys' fees of $32,872.28.

---

[2] The reduction is calculated as follows: $34,602.40 x 0.05 = $1,730.12.

### b.  Costs

#### i.  Attorney's Costs

Petitioners request a total of $26,056.43 in attorneys' costs.  Specifically, petitioners seek $20,500.00 for their medical expert, Dr. Mahbubul Huq; $4,241.16 for the Honea Law Firm, PLLC; $984.60 for medical records requests; and $330.67 for other miscellaneous office expenses.

Dr. Huq billed 41 hours of work in this case at a rate of $500.00 per hour.  Pet. App. at 51.  While the undersigned has not previously considered a fee application for Dr. Huq, other special masters have awarded him this rate.  See Libby v. Sec'y of Health & Human Servs., No. 09-820, 2016 U.S. Claims LEXIS 2031 (Fed. Cl. Spec. Mstr. Dec. 14, 2016); Dwornikoski v. Sec'y of Health & Human Servs., No. 13-412, 2016 U.S. Claims LEXIS 1070 (Fed. Cl. Spec. Mstr. July 15, 2016).  Dr. Huq is board-certified in neurology, child neurology, and clinical genetics, and he wrote a very strong expert report.  See Pet. Exhibit 17 at 1.  Therefore, the undersigned will award the requested expert fees.

The Honea Law Firm billed 16.5 hours at $250 per hour, along with $116.16 in travel costs, to have petitioners appointed as guardians and authorize them to receive the settlement funds.  Pet. App. at 53.  This amount falls squarely within the range generally claimed in Vaccine Program cases for state court guardianship proceedings.  See Sucher v. Sec'y of Health & Human Servs., No. 07-058, 2013 U.S. Claims LEXIS 1498, at *23 (Fed. Cl. Spec. Mstr. Sept. 17, 2013) (noting that a four-year survey of attorneys' fees and costs applications showed payments ranging from $1,750 to $8,500, with an average of about $4,000).  The undersigned will award these costs in full.

The $984.60 petitioners seek for medical records requests and the $330.67 they seek for miscellaneous office expenses are thoroughly documented.  See Pet. App. at 31-50, 54.  The undersigned will award these costs as well.

#### ii.  Petitioners' Costs

Petitioners also request $352.45 in petitioners' costs.  This amount includes $350, paid towards the petition filing fee, and $2.45 for postage.  See Pet. App. at 56-57; Pet. Response dated June 21, 2018 (ECF No. 67).  The undersigned finds these costs reasonable and awards them in full.

## II.  Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---|
| Requested attorneys' fees for Ronald C. Homer: | $ 34,602.40 |
| Reduction in attorneys' fees: | $ (1,730.12) |
| Total attorneys' fees for Ronald C. Homer: | $ 32,872.28 |

| | |
|---|---|
| Requested attorneys' costs: | $ 26,056.43 |
| Requested petitioners' costs: | $ 352.45 |
| **Total Attorneys' Fees and Costs Awarded:** | **$ 59,281.16** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $59,281.16, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to petitioners and petitioners' counsel of record, Ronald C. Homer.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**/s/ Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.